UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARON HIRSCH, individually
and on behalf of all others
similarly situated,

       Plaintiff,

v.                                                    CASE NO. 3:17-cv-1215-J-39JBT

FORTEGRA FINANCIAL CORP.
and ENSURETY VENTURES, LLC
d/b/a OMEGA AUTOCARE,

       Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Ensurety Ventures, LLC d/b/a Omega Autocare's ("Omega") Motion to Dismiss Counts I, II, III, and IV of Plaintiff's Amended Class Action Complaint or, in the Alternative, to Stay the Action ("Omega Motion") (Doc. 21), Plaintiff's Response thereto (Doc. 32), Defendant Fortegra Financial Corp.'s ("Fortegra") Motion to Dismiss ("Fortegra Motion") (Doc. 22), and Plaintiff's Response thereto (Doc. 31). The Motions were referred to the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 37.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Fortegra Motion be **GRANTED** only to the extent stated herein, the Omega Motion be **GRANTED in part** and **DENIED in part**, the Amended Class Action Complaint ("Amended Complaint") (Doc. 18) be **DISMISSED without prejudice**, and Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith.

### I.   Background

In this putative class action lawsuit, Plaintiff brings six causes of action against both Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). (Doc. 18.) Plaintiff alleges generally that, despite having registered with the National Do Not Call Registry, Defendants placed unsolicited telemarketing calls using an automatic telephone dialing system ("ATDS") and/or a prerecorded voice to his residential telephone, which uses a voice over internet protocol ("VoIP"), without his permission. (*Id.*) Plaintiff brings the following causes of action against both Defendants: Violations of 47 U.S.C. § 227(b)(1)(A) (Counts I and II); Violations of 47 U.S.C. § 227(b)(1)(B) (Counts III and IV); and Violations of 47 U.S.C. § 227(c) (Counts V and VI).[2]  Both Defendants move to dismiss the Amended Complaint for failure to state a claim. (*Id.*)

---

[2] Counts II, IV, and VI merely allege that Plaintiff is entitled to treble damages because the violations alleged in Counts I, III, and V were knowing and/or willful. (Doc. 18.)

## II.     Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Complaint sets forth sufficient factual allegations to state a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Complaint satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Iqbal*, 556 U.S. at 678.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with'

a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

### III. Analysis

#### A. Fortegra Motion

Fortegra argues that the claims against it in the Amended Complaint should be dismissed because Plaintiff fails to allege sufficient facts to hold Fortegra either directly or vicariously liable under the TCPA. (Doc. 22.) As part of this argument,

4

Fortegra asserts that Plaintiff fails to comply with Rule 8(b) because he improperly lumps both Defendants together, making it unclear what theory of liability he intends to pursue against Fortegra. (*Id.*) The undersigned recommends that repleader is required for this reason.

Regarding Fortegra and Omega, Plaintiff alleges in part that "Fortegra is a nationwide provider of automotive warranty underwriting services, including for Omega Autocare," and that Fortegra "works through [its] preferred partner network to provide plans to consumers." (Doc. 18 at 2.) Additionally, Plaintiff alleges that "Omega markets and sells Omega Autocare warranty policies on behalf of Fortegra." (*Id.* at 3.)

Despite alleging that Defendants are separate entities, Plaintiff refers to them collectively throughout the Amended Complaint. (*See* Doc. 18.) For example, Plaintiff alleges in conclusory terms that "Defendants and their agents made, arranged for, supervised and approved the telemarketing calls made to Plaintiff and the Classes concerning Omega Autocare." (*Id.* at 4.) Additionally, Plaintiff alleges that all of the subject telemarketing calls, which were promoting Omega Autocare warranty policies, were made either by "Defendants," "by or on behalf of Defendants," or by "Defendants, either directly or through their agents."[3] (*Id.* at 9,

---

[3] In addition to this broad method of pleading, other allegations make it unclear whether either Defendant actually made the subject calls. For example, Plaintiff also alleges that "Omega claims to . . . [have] 'multiple marketing companies that offer [its] products,'" and that one operator stated that the call was from a "Dealer Processing
(continued...)

14–17.) Fortegra and Plaintiff apparently agree that whether Fortegra may be held directly or vicariously liable for the subject calls depends in part on who made the calls. (*See* Docs. 22 & 31.) Because it is unclear from the Amended Complaint who made the subject calls, or what the specific relationship between Defendants is, it is also unclear under what theory of liability Plaintiff intends to proceed against Fortegra.[4]

Districts courts in the Eleventh Circuit have required repleader in TCPA cases where, because multiple defendants are lumped together, it is unclear what theory of liability Plaintiff is pursuing and/or which defendant is responsible for which actions. *See, e.g.*, *Cellco P'ship v. Plaza Resorts Inc.*, Case No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sep. 27, 2013) ("[T]he Complaint impermissibly lumps Defendants together. Each Defendant is alleged to be distinct legal entities, but the Complaint does not adequately explain under what theory of liability Plaintiff is proceeding under. Although the Complaint states that the entities are 'affiliated' and 'act in concert' with each other, these statements are simply too conclusory."); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374–75 (S.D. Fla. 2011) ("[N]owhere in the Complaint does Plaintiff identify which Defendant made each call,

---

[3](...continued)
Center" operating as a broker for the Omega Autocare policies. (Doc. 18 at 3, 9.)

[4] Plaintiff does not clarify this in his Response. Rather, Plaintiff argues that discovery is necessary to determine the proper theory of liability. (Doc. 31 at 8–10.) The undersigned notes that discovery commenced over five months ago. (*See* Doc. 28 at 3.)

but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities. . . . Defendants do not have fair notice of the precise nature of the violation that is claimed against them."). *See also Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, Case No. 2:17-cv-24-FtM-38CM, 2017 WL 3149360, at *2–3 (M.D. Fla. July 25, 2017) (dismissing TCPA claim without prejudice for improperly lumping defendants together); *Schwanke v. JB Med. Mgmt. Sols., Inc.*, Case No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (same). The undersigned recommends that the reasoning in these cases is persuasive. Therefore, the undersigned recommends that the Fortegra Motion be granted to the extent that the Amended Complaint be dismissed in its entirety without prejudice.[5]

### B. Omega Motion

Omega argues that Counts I and II should be dismissed because Plaintiff fails to sufficiently allege that his VoIP telephone constitutes "any service for which the called party is charged for the call" as required to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii). (Doc. 21.) Additionally, Omega argues that Counts I–IV should be dismissed because Plaintiff fails to sufficiently allege that Defendants used an ATDS and/or a prerecorded voice when making the subject calls. (*Id.*) The undersigned will address each argument in turn.

---

[5] Although Fortegra requests dismissal with prejudice, the undersigned recommends that dismissal without prejudice is appropriate because the defect may be curable. (Doc. 22 at 6.)

### 1.      "Charged for the Call" (Counts I and II)

In Counts I and II, Plaintiff alleges in part that his "VoIP telephone service . . . constitutes an 'other telephone service' under 47 U.S.C. § 227(b)(1)(A)(iii)."  (Doc. 18 at 14.)  That section provides in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> . . .
>
> (iii)   to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(iii).  Although the term "other telephone service" does not appear in this section, it is clear from his Response that Plaintiff is attempting to allege that the VoIP service constitutes "any service for which the called party is charged for the call."  (*See* Doc. 32 at 8–11.)  The undersigned recommends that Plaintiff has failed to sufficiently allege that he was charged for the subject calls.

In the Amended Complaint, Plaintiff alleges in relevant part: "Plaintiff's residential telephone uses [VoIP]; a service for which he is charged for the ability to receive and send calls."  (Doc. 18 at 9.)  There are no other allegations regarding

how Plaintiff was charged for the VoIP telephone service. The undersigned recommends that this single conclusory allegation, which does not allege that Plaintiff was actually charged for the subject calls or provide any meaningful information regarding how Plaintiff was charged for the VoIP service, is insufficient.[6] Therefore, the undersigned recommends that the Omega Motion be granted in part to the extent that Counts I and II be dismissed without prejudice.[7]

### 2. ATDS and/or Prerecorded Voice (Counts I–IV)

In order to state a claim under 47 U.S.C. § 227(b)(1)(A) (Counts I and II), Plaintiff must allege in part that the subject call was made "using any [ATDS] or an artificial or prerecorded voice." In order to state a claim under 47 U.S.C. § 227(b)(1)(B) (Counts III and IV), Plaintiff must allege in part that the subject call was made "using an artificial or prerecorded voice."[8] The undersigned recommends that

---

[6] Because Plaintiff has pled no facts regarding how he was charged for the VoIP service, the undersigned recommends that the Court need not address at this time Omega's argument that Plaintiff must be charged on a per call basis to state a claim in Counts I and II. (*See* Doc. 21 at 7–9.) Compare *Lundstedt v. I.C. Sys., Inc.*, Case No. 3:15-cv-824 (JAM), 2017 WL 4281057, at *4 (D. Conn. Sept. 27, 2017) (dismissing a similar TCPA claim where "plaintiff [did] not allege that any Internet-based system that he may have used at his home resulted in a charge to him for each call that he received from defendant") with *Klein v. Commerce Energy, Inc.*, 256 F. Supp. 3d 563, 581 (W.D. Pa. 2017) ("The court does not disagree that a call charge on the 'front end' [as with a limited bundle of minutes] might qualify for purposes of the charged call provision under the TCPA.").

[7] Although Omega requests dismissal with prejudice, it is unclear whether Plaintiff may be able to cure this deficiency. (Doc. 21 at 12.) Therefore, dismissal without prejudice is recommended.

[8] Section 227(b)(1)(B) applies to calls made to "any residential telephone line."
(continued...)

Plaintiff has sufficiently alleged that at least one of the subject calls was made using an artificial or prerecorded voice as required to state a claim in Counts I–IV.[9]

For example, regarding the call received on May 12, 2017, Plaintiff specifically alleges that he "received on his telephone a telemarketing robocall made by or on behalf of Defendants. In making that call, the caller used an artificial or pre-recorded voice." (Doc. 18 at 9.) The undersigned recommends that this factual allegation is sufficient to state a claim in Counts I–IV. *See Rahn v. Bank of Am., N.A.*, Case No. 1:15-CV-4485-ODE-JSA, 2016 WL 7325657, at *4 (N.D. Ga. June 24, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message. . . . Thus, that Plaintiff states he received calls containing 'prerecordings' is a factual allegation for purposes of the pleading standards, and not a bare legal conclusion.").

Moreover, the fact that Plaintiff alleges that he spoke with live operators during the call does not negate his allegation that an artificial or prerecorded voice was also used. Regarding the May 12 call, Plaintiff alleges: "During the call, Plaintiff was *transferred* to several live operators . . . ." (Doc. 18 at 9) (emphasis added). This

---

[8](...continued)
Because Plaintiff alleges that the VoIP service was used for his residential telephone, he need not allege that he was charged for the subject calls to state a claim under this section. (Doc. 18 at 9.)

[9] Thus, the undersigned recommends that the Court need not address whether Plaintiff has sufficiently alleged that Defendant used an ATDS.

allegation is not inconsistent with the allegation that an artificial or prerecorded voice was also used at some point during the call. *See, e.g.*, *Clark v. Allied Interstate LLC*, Case No. 1:16-cv-2409-MHC-RGV, 2017 WL 2903358, at *5 (N.D. Ga. Jan. 20, 2017) ("Clark's claim [that the subject calls were automated] is not negated simply because [s]he spoke to a human being.") (quotations omitted). Therefore, the undersigned recommends that the Omega Motion be denied in part as to this issue.

## IV.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Fortegra Motion (**Doc. 22**) be **GRANTED** only to the extent stated herein.

2.  The Omega Motion (**Doc. 21**) be **GRANTED in part** and **DENIED in part**.

3.  The Amended Class Action Complaint (**Doc. 18**) be **DISMISSED without prejudice**.

4.  Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file an amended complaint in accordance herewith, and Defendants be given fourteen days from such filing to respond to it.

**DONE AND ENTERED** at Jacksonville, Florida, on June 26, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record