# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| AARON HIRSCH, individually and on behalf of classes of similarly situated individuals, *Plaintiff*, | Case No. 3:17-cv-01215-BJD-JBT |
| | Class Action |
| v. | Judge Brian J. Davis |
| FORTEGRA FINANCIAL CORP., and ENSURETY VENTURES, LLC d/b/a, OMEGA AUTO CARE, *Defendants*. | Magistrate Judge Joel B. Toomey |

## STIPULATION

**WHEREAS**, on filed October 30, 2017, Plaintiff Aaron Hirsch ("Plaintiff") filed in the above-captioned action ("Action") a Class Action Complaint (Dkt. 1) against Fortegra Financial Corporation ("Fortegra") and Ensurety Ventures, LLC d/b/a, Omega Auto Care ("Ensurety Ventures") (collectively, the "Original Defendants") for claims arising from the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA"); and

**WHEREAS**, on November 20, 2017, Plaintiff filed an Amended Class Action Complaint (Dkt. 18) against the Original Defendants; and

**WHEREAS**, the Court entered an Order (Dkt. 47) on June 30, 2018, granting in part and denying in part, Original Defendants' motions to dismiss, that dismissed without prejudice Plaintiff's Amended Class Action Complaint and allowed Plaintiff to file a second amended pleading; and

**WHEREAS**, on August 21, 2018, Plaintiff filed a redacted Second Amended Class Action Complaint (Dkt. 51), alleging violations of the TCPA and the Maryland TCPA against the Original Defendants and certain related entities, including Lyndon Southern Insurance Company, Insurance Company of the South, LOTSolutions, Inc., Auto Knight Motor Club, Inc., Ensurety Group, Inc., EGV Companies, Inc., and Ensurety, Inc. (collectively, the "Affiliate Defendants"); and

**WHEREAS**, on August 24, 2018, Plaintiff filed an unredacted Corrected Second Amended Class Action Complaint (Dkt. 55), alleging violations of the TCPA and the Maryland TCPA against the Original Defendants and Affiliate Defendants; and

**WHEREAS**, in connection with filing the Second Amended Class Action Complaint against the Original Defendants and the Affiliate Defendants, Plaintiff filed a Motion to Amend Complaint to Add Parties *Nunc Pro Tunc* (Dkt. 52) ("Motion to Add Parties"), which was necessitated by virtue of the June 1, 2018 deadline to "add parties or amend pleadings," as set by the Case Management and Scheduling Order (Dkt. 29); and

**WHEREAS**, on September 4, 2018, the Court entered an Order (Dkt. 58) dismissing without prejudice the Second Amended Class Action Complaint and Corrected Second Amended Class Action Complaint, and denying as moot the Motion to Add Parties; that Order also directed that Plaintiff file by September 18, 2018, a renewed Motion to Add Parties with a proposed revised Second Amended Complaint; and

**WHEREAS**, Plaintiff, Fortegra, Ensurety Ventures and Ensurety Group, Inc. (collectively, the "Parties") desire to enter into this Stipulation (the "Stipulation"), in connection with the defendants consenting to a renewed Motion to Add Parties that would name the Original Defendants and Affiliate Defendants, with the exception of Fortegra and Ensurety Group, Inc., in exchange for which Fortegra and Ensurety Group, Inc. would agree to toll the running of any statutes of limitation, statutes of repose and other similar defenses as to Fortegra and Ensurety Group, Inc. on the terms set forth in this Stipulation, and Plaintiff will refrain from renaming Fortegra and Ensurety Group, Inc. as a defendant in this or any other lawsuit during the Tolled Period (as defined below), all of which is expressly subject to and conditioned upon the Court granting the renewed Motion to Add Parties; and

**WHEREAS**, notwithstanding this Stipulation, the Parties agree that the Action will continue against Lyndon Southern Insurance Company, Insurance Company of the South, LOTSolutions, Inc., Auto Knight Motor Club, Inc., EGV Companies, Inc., Ensurety, Inc., and Ensurety Ventures;

**NOW, THEREFORE**, for good cause shown, the Parties hereby stipulate and agree as follows:

1. Plaintiff, on the one hand, and the Original Defendants (as defined above), on the other, agree that the running of any and all statutes of limitations, statutes of repose, defense of laches, or any other rule or doctrine relating to the timeliness of the assertion of any Covered Claims (as defined in Paragraph 2 below) that Plaintiff may have against Fortegra and Ensurety Group, Inc. (collectively, the "Tolled Parties") shall be suspended and tolled from the date of this Stipulation until fourteen (14) days after satisfaction of final judgment in this Action or after the notification in writing by either Plaintiff or a Tolled Party of the termination of this Stipulation (the "Tolled Period"). If Plaintiff or a Tolled Party elect to terminate this Stipulation, he or it must serve written notice of such termination on all Parties and such termination shall not be immediately effective, but instead the Tolled Period shall remain in full force and effect until fourteen (14) days after such written notice is given. Either Plaintiff or a Tolled Party has the absolute right to deliver a notice to terminate this Stipulation at any time and for any reason, provided the terminating party complies with the notice and other provisions set forth in the Stipulation. Plaintiff may terminate the Stipulation as to both Tolled Parties or as to one Tolled Party but not

the other. If a Tolled Party terminates the Stipulation, the Stipulation will continue as between Plaintiff and the other Tolled Party.

2. "Covered Claims" means each and every claim asserted in the Action, and any other claim arising under federal or state law, arising out of the events alleged in the Action, including without limitation, for indemnification, contribution or successor liability.

3. The Tolled Period shall not be included in determining the applicability of any statute of limitations, statute of repose, laches or any other defense relating to a Covered Claim. Neither Tolled Party shall contend or assert in any manner in any proceeding that the passage of time during the Tolled Period directly or indirectly bars or otherwise prejudices Plaintiff's ability to prosecute or maintain any such Covered Claim against a Tolled Party.

4. Plaintiff agrees that, during the Tolled Period, he will not file any complaint or any lawsuit in any court asserting any Covered Claim against a Tolled Party, except that Plaintiff may file any such lawsuit or complaint during the Tolled Period if any of Plaintiff or the Tolled Parties serves written notification to terminate this Stipulation in accordance with Paragraph 1 above.

5. Counsel and representatives for the Tolled Parties identified below are authorized and agree to accept service on behalf of the respective Tolled Parties of any notice pursuant to this Stipulation, and of any lawsuit or complaint that Plaintiff may file against a Tolled Party if this Stipulation is terminated in accordance with its provisions.

Berger Montague PC is authorized and agrees to accept service on behalf of Plaintiff of any notice pursuant to this Stipulation.

6. Except as specifically set forth herein, this Stipulation shall not affect the validity of any of the Parties' respective claims or substantive, procedural, or jurisdictional defenses. Nothing in this Stipulation shall be construed as an admission or concession by any of the Parties regarding the validity or strength of any claim or defense of any other Party, and nothing herein shall alter the Parties' respective legal or evidentiary burdens with respect to any claim or defense. This Stipulation shall not be used as evidence in any proceeding except by the Parties for the purposes of enforcing or determining the applicability of this Stipulation.

7. The Parties agree to preserve all documents, data compilations (including electronically recorded or stored data) and tangible objects that are in their custody or control and that are relevant to the claims at issue in the Action, as if such documents were subject to a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure. The Tolled Parties agree to answer all outstanding discovery requests and to make themselves available for a Fed. R. Civ. P. 30(b)(6) deposition in this Action (reserving their right to make objections as if a party to the case).

8. The signatories to this Stipulation represent that they have the requisite authority to bind and act on behalf of the respective Parties for whom they execute this Stipulation.

9. This Stipulation may not be modified except by a written instrument which explicitly refers to this Stipulation and explicitly modifies its terms, and which is signed by all

5

Parties hereto.

10. This Stipulation may be executed in two or more counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures sent by facsimile or PDF shall be accepted as if they were originals.

11. This Order is binding on the Parties' heirs, successors, attorneys, agents, and assigns.

12. Subject to the foregoing, including without limitation the Court granting the Motion to Add Parties, Fortegra Financial Corporation and Ensurety Group, Inc. are hereby dismissed without prejudice as defendants in the above-captioned litigation. Each party will bear its own costs and attorney fees. This Action will continue against defendant Ensurety Ventures and all other Affiliate Defendants.

[*SIGNATURE PAGES TO FOLLOW*]

STIPULATED AND AGREED TO:

Dated: September 18, 2018

By: _____
Michael Dell'Angelo, *pro hac vice*
Lane L. Vines, *pro hac vice*
BERGER & MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Email: mdellangelo@bm.net
       lvines@bm.net

Max F. Maccoby, *pro hac vice*
WASHINGTON GLOBAL LAW GROUP PLLC
1701 Pennsylvania Ave., NW, Suite 200
Washington, D.C. 20006
Tel.: (202) 248-5439
Email: maccoby@washglobal-law.com

Steven G. Wenzel, FL Bar No. 15905
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, FL 33602
Tel.: (813) 223-6545
Fax: (813) 229-8712
Email: swenzel@wfclaw.com

*Attorneys for Plaintiff and Proposed Classes*

By: _____
James F. Bogan III, *pro hac vice*
Jeffrey H. Fisher, *pro hac vice*
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Tel.: (404) 815-6500
Fax: (404) 815-6555
Email: jbogan@kilpatricktownsend.com
       jfisher@kilpatricktownsend.com

*Attorneys for Defendant Fortegra Financial Corporation*

By: _____
Beth-Ann E. Krimsky, FL Bar No. 968412
William L. Tucker, FL Bar No. 92580
GREENSPOON MARDER LLP
200 E. Broward Blvd., Suite 1800
Ft. Lauderdale, FL 33001-1949
Tel.: (954) 527-2427
Fax: (954) 333-4027
Email: beth-ann.krimsky@gmlaw.com
       william.tucker@gmlaw.com

*Attorneys for Ensurety Ventures, LLC d/b/a Omega Auto Care*

By: _____
Joseph Annoreno, President
ENSURETY GROUP, INC.
7047 E Greenway Pkwy # 370
Scottsdale, Arizona 85254-8118
Tel.: (480) 344-7170
Fax: (480) 344-7189
Email: joseph.annoreno@ensuretygroupinc.com

*On Behalf of Ensurety Group, Inc.*