**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| AARON HIRSCH, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | **Case No. 3:17-cv-01215-BJD-JBT** |
| *Plaintiff*, | ) ) | |
| | ) | |
| v. | ) | **Judge Brian J. Davis** |
| | ) | |
| LYNDON SOUTHERN INSURANCE COMPANY; INSURANCE COMPANY OF THE SOUTH; LOTSOLUTIONS, INC., AUTO KNIGHT MOTOR CLUB, INC., ENSURETY, INC, EGV COMPANIES, INC., and ENSURETY VENTURES, LLC d/b/a OMEGA AUTOCARE, | ) ) ) ) ) ) ) | **Magistrate Judge Joel B. Toomey** **Dispositive Motion** |
| | ) | |
| *Defendants*. | ) | |

---

## DEFENDANTS ENSURETY INC.'S AND EGV COMPANIES, INC.'S MOTION TO DISMISS PLAINTIFF'S REVISED SECOND AMENDED CLASS ACTION COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW

Defendants Ensurety, Inc. ("Ensurety"), and EGV Companies, Inc. ("EGV") (collectively the "Newly Added Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), file this Motion to Dismiss Plaintiff Aaron Hirsch's Revised Second Amended Class Action Complaint [D.E. 63] for failure to state a claim. The Newly Added Defendants join in the Motion to Dismiss filed by Defendant Ensurety Ventures, LLC, d/b/a Omega Auto Care ("Omega") and incorporate by reference Omega's arguments as stated in the Omega Motion to Dismiss, [D.E. 73], as if set forth herein. Defendants Ensurety and EGV are separately moving to dismiss because Plaintiff has failed to correct the deficiencies outlined in a previous Order from this Court dismissing the Amended Complaint and in support thereof, state the following:

## INTRODUCTION

The Revised Second Amended Class Action Complaint ("SAC") is the Plaintiff's third attempt to try to plead purported violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 et. seq. (the "TCPA"). In this third attempt, Plaintiff added Ensurety and EGV as defendants, as well as various entities that are alleged to be affiliates of already dismissed defendant Fortegra Financial Corporation.

The SAC continues to be fatally deficient and should be dismissed with prejudice because it fails to improve upon the pleading deficiencies outlined in the Report and Recommendation issued by Judge Toomey on June 26, 2018 (the "R&R"). [D.E. 40.] The SAC continues to improperly lump various Defendants together and does not specify what is alleged as to each, which becomes even more problematic than the pleading that lead Judge Toomey to recommended dismissal on that basis because there are now seven defendants rather than two. It is unclear from the SAC who made the subject calls, what the specific relationship between Defendants is, if any, and under what theory of liability Plaintiff intends to proceed against the Defendants.

The SAC relies on two purported calls as the basis for an attempt to try to allege supposed violations of the TCPA. Plaintiff fails to sufficiently allege even the most basic of necessary facts to establish Ensurety or EGV initiated the alleged calls, and fails to include any plausible allegations supporting the existence of an agency relationship, ratification, or representations by Ensurety or EGV that any purported third party entity had authority to act on their behalf.

## ARGUMENT

### A.  Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant unlawfully harmed me-accusation.'" *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" in meeting the standard required by Rule 8. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Conclusions in a pleading "are not entitled to the assumption of truth." *Id*. at 679.  On the contrary, legal conclusions "must be supported by factual allegations." *Id*.  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  *Iqbal* suggests that courts adopt a two-pronged analysis to apply this principle: (1) eliminate any allegations in the complaint that are merely legal conclusions; then (2) where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 678–79.

Here, despite being aware of these standards, much of the SAC continues to rely on mere legal conclusions couched as "allegations," which must be disregarded by the Court, and the remaining allegations do not plausibly give rise to an entitlement to relief against Ensurety or EGV, particularly as Plaintiff improperly lumps the Defendants together.  Plaintiff's claims should be dismissed with prejudice because Plaintiff has failed to correct the obvious deficiencies outlined in the R&R which were adopted by this Court's Order dated July 30, 2018. [D.E. 47].

### B.  Failure to Provide Ensurety and EGV Fair Notice Under Rule 8(b)

The SAC consistently lumps together defendants Ensurety, EGV, Omega, Lyndon Southern Insurance Company, Insurance Company of the South, LOTSolutions, Inc., and Auto Knight Motor Club, Inc., regarding the two calls allegedly received by Plaintiff.  As Plaintiff acknowledges and alleges, each defendant is a separate and distinct entity. *See* Compl. ¶¶ 5–11.

Allegations of supposed acts by an unspecified Defendant fail to provide Ensurety and EGV fair notice under Rule 8(b) of what Plaintiff is alleging as to either of these specific entities and/or to each entity. *See Fifth Third Bank v. Barkauskas*, No. 2:12-CV-577-FTM-SPC, 2012

WL 5507831, at *1 (M.D. Fla. Nov. 14, 2012) (granting motion to dismiss where allegations "lumped" together defendants, finding that "factual allegations must give each defendant 'fair notice' of the nature of the claim and the 'grounds' on which the claim rests") (quoting *Twombly*, 550 U.S. at 555 n. 3); *Lane v. Capital Acquisitions & Mgmt.*, Co., No. 04-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

Furthermore, the SAC improperly lumps a group of sub-defendants consisting of Ensurety, EGV, and Omega seeking to define them together as Omega Autocare. Compl. ¶ 12. While Ensurety is a predecessor of EGV, the third entity Plaintiff tries to lump into the Omega Autocare definition, Omega, is as Plaintiff alleged, an entirely separate entity. *See* Compl. ¶ 11. Indeed, Plaintiff in his caption and at paragraph eleven of the SAC alleges Ensurety Ventures, LLC d/b/a Omega Auto Care and then tries to use "Omega Auto Care" to refer to three separate entities. Compl. ¶¶ 9–12. Plaintiff then alleges in conclusory terms, using an incorrect broad definition to capture three parties, that "Omega Autocare markets VSCs for consumers nationwide by telemarketing through numerous third-party sellers and marketers." Compl. ¶ 29. Additionally, Plaintiff alleges that Omega Autocare provides administrative services for VSCs by, "finding and hiring 'call centers' or 'sellers'". Compl. ¶ 30.

Districts courts have dismissed TCPA cases where defendants are lumped together because it is unclear which defendant is responsible for which actions. *See, e.g.*, *Cellco P'ship v. Plaza Resorts Inc.*, Case No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sep. 27, 2013) ("Although the Complaint states that the entities are 'affiliated' and 'act in concert' with each other, these statements are simply too conclusory."); *Bentley v. Bank of Am., N.A.*, 773 F. Supp.

2d 1367, 1374–75 (S.D. Fla. 2011) ("[N]owhere in the Complaint does Plaintiff identify which Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities. . . . Defendants do not have fair notice of the precise nature of the violation that is claimed against them."). *See also Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, Case No. 2:17-cv-24-FtM-38CM, 2017 WL 3149360, at *2–3 (M.D. Fla. July 25, 2017) (dismissing TCPA claim without prejudice for improperly lumping defendants together); *Schwanke v. JB Med. Mgmt. Sols., Inc.*, Case No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (same).

Here, Plaintiff has had even more notice than the applicable law provides as Judge Toomey in the R&R already found that allegations the calls "were made either by 'Defendants,' 'by or on behalf of Defendant,' or 'by Defendants, either directly or through their agents'" were improperly vague. [D.E. 40 at 5.].   The allegations the Court found vague and warranted dismissal in this case have not been addressed by Plaintiff and these allegations remain in the SAC. Compl. ¶ 46 ("Defendants contacted Plaintiff on his telephone number using an ATDS"); Compl. ¶ 48 (Plaintiff received a "telemarketing robocall made by or on behalf of Defendants"); Compl. ¶ 52 ("Defendants called Plaintiff using an ATDS"); Compl. ¶ 57 ("two telemarketing calls made by Defendants"); Compl. ¶¶ 82, 92 ("Defendants, either directly or through their agents, made unsolicited and unauthorized calls"); Compl. ¶ 93 ("Defendants, either directly or through their agents, made the calls"); Compl. ¶ 101 ("Defendants, either directly or through their agents, made telemarketing calls").

Plaintiff's failure to yet again sufficiently allege "what theory of liability Plaintiff is pursuing and/or which defendant is responsible for which actions", [D.E. 40 at 6], requires dismissal of the SAC.   At this stage, dismissal should be with prejudice because the Plaintiff

already has been given an opportunity to replead and an additional opportunity would be futile. *See Irving v. Bank of America*, 497 Fed. Appx. 928, 930 (11th Cir. 2012) (affirming the district court's decision to grant defendants' Rule 12(b)(6) motion to dismiss with prejudice and finding that "it was not error for the district court to deny Plaintiff leave to amend his complaint; amendment would be futile").

### C. Direct Liability

The potential for direct liability under the TCPA can apply only under certain circumstances and only to entities that "initiate" the telemarketing calls, *See In re Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 24 (2013), neither of which is alleged here as to Ensurety or EGV.  A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *Dish Network*, 28 F.C.C.R. at 6583 ¶ 26. Accordingly, a person or entity generally does not "initiate" calls placed by third-party telemarketers. *Id.* at 6593 ¶ 48.

Plaintiff's attempt to allege the substance of the two purported telephone calls at issue fails to support any claim against Ensurety or EGV based on a theory of direct liability (*i.e.*, that Ensurety or EGV initiated the telephone calls at issue).  Plaintiff is unable to allege any facts supporting the conclusion that either Ensurety or EGV physically placed either of the two calls to Plaintiff. *See* Compl. ¶¶ 48–51.  The SAC does not name Ensurety or EGV anywhere within the SAC's description of the two alleged calls. *Id.*  The only attempt Plaintiff makes to connect Ensurety or EGV with the two alleged calls is a reference to an unnamed operator that identified himself as calling from the "*Dealer Processing Center*" who "*explained they operate as a broker for Omega Autocare policies*". *Id.* ¶49 (emphasis added).  Such an allegation does not support the far-reaching conclusion that Ensurety or EGV initiated any calls, never mind the two

7

telephone calls at issue, and by its own terms implies the calls were *on behalf of* Omega Autocare, which is alleged to be distinct from Ensurety and EGV, does not support a theory of direct liability against Ensurety or EVG.

Because the SAC fails to sufficiently allege facts establishing Ensurety or EGV physically initiated the alleged telephone calls at issue, the SAC cannot support claims of direct liability against Ensurety or EGV. *See Christopher Seri v. Crosscountry Mortg., Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *4 (N.D. Ohio Sept. 28, 2016) (dismissing directly liability claim where "nothing in the facts *actively supported the inference* that [defendant] made any phone calls").  The SAC should be dismissed as to any and all claims in which Plaintiff seeks to hold Ensurety or EGV directly liable for the two telephone calls at issue.

### D.  Vicarious Liability

To allege a claim under a theory of vicarious liability, a Plaintiff must specifically allege common law agency principles, addressing whether "the principal exercised 'substantial control' over the agent's actions, ratified the agent's conduct, or made representations that the agent acts with authority."  *Strauss v. CBE Grp., Inc.*, 173 F. Supp. 3d 1302, 1309 (S.D. Fla. 2016).

When considering vicarious liability claims under the TCPA, courts often consider whether the alleged principal exercised control over the "manner and means" of alleged agent's telemarketing activities.  *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1244 (S.D. Fla. 2013) (finding that the "essence" of the common law agency test turns on whether the "principal has the right to control the manner and means by which the agent accomplishes the work"), *rev'd on other grounds,* 768 F.3d 1110 (11th Cir. 2014); *see also Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018).

Courts also consider the factors identified by the FCC which address "the principal: (1) granting the agent access to information and systems that normally would be within the principal's exclusive control, including customer information; (2) allowing the agent to enter consumer information into the principal's sales or customer systems; (3) giving the agent authority to use the principal's trade name, trademark, or service mark; (4) approving, writing, or reviewing a transcript for the caller to use; or (5) knowing of TCPA violations and failing to stop such violations." *Strauss*, 173 F. Supp. 3d at 1309–10 (citing *Dish Network,* 28 F.C.C.R. at 6592 ¶ 46). Consideration of these factors assists the court's analysis of whether a plaintiff "allege[s] sufficient facts to show that [defendant] exercised a level of control over [alleged agent's] telemarketing activities (including the timing, target location, and volume of [alleged agent's] calls) to make the existence of an agency relationship . . . plausible." *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 776 (N.D. Ill. 2014).

While Plaintiff appears to try to base his theory of vicarious liability against Ensurety and EGV on allegations that Ensurety and EGV purportedly:  1) select call centers; 2) share customer information with call centers; 3) authorize call centers to sell VSCs under the name "Omega Auto Care"; 4) manage premium payments, refunds, cancelations and claims; and 5) split fees with call centers, Compl. ¶ 35, none of these conclusory allegations address or allege whether Ensurety or EGV, as the alleged principal, exercised any control over the "manner and means" of the alleged and unnamed third party call centers, as the alleged agents, activities. Furthermore, the SAC fails to allege substantial control by Ensurety or EGV over alleged "third-party sellers and marketers", *see* Compl. ¶ 30, fails to allege that Ensurety or EGV ratified any third-party seller's conduct, and fails to allege Ensurety or EGV made representations that any third-party

acted with authority.  The SAC fails to inform Ensurety or EGV of what purported actions and relationships, if any, they are alleged to have taken or had in violation of the TCPA.

The SAC also fails to sufficiently allege any facts satisfying the factors considered by the FCC as discussed in *Strauss*.  Of the five factors outlined by the FCC for consideration, the SAC only bothers to even attempt to address two:  1) granting access to information; and 2) providing authority to use the alleged principal's tradename. Compl. ¶ 35.  While Ensurety and EGV do not share customer information with the alleged third party sellers, even taking the minimal allegation as true, it remains insufficient when viewed in totality with the other factors.  Access to customer information does not support the existence of an agency relationship. *See Royal, Inc.*, 887 F.3d at 452 (finding no vicarious liability for administrator and affirming summary judgment despite evidence that the call centers and administrator shared customer information). Additionally, while Ensurety or EGV have not authorized alleged third party sellers to use their trade name, even taking that allegation as true, it remains insufficient when viewed in totality with the other factors. In *Jones*, the court rejected vicarious liability despite evidence that the alleged principal administrator allowed the alleged agent call center to use its name. *Id*. at 451.

Plaintiff's factually deficient claims cannot survive the Court's most basic scrutiny pursuant to the standards enunciated in *Twombly*, *Iqbal*, and their progeny.  The SAC's failure to allege sufficient facts, as opposed to conclusions and speculation, supporting vicarious liability against Ensurety or EGV for a purported violation of the TCPA require dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Dismiss with prejudice, and award any other relief in favor of Ensurety and EGV this Court deems just and proper.

37602043.1

Dated:  December 31, 2018.

By: _/s/ William L. Tucker_____
**BETH-ANN E. KRIMSKY**
Fla. Bar No. 968412
Email: beth-ann.krimsky@gmlaw.com
Email: clemencia.corzo@gmlaw.com
**WILLIAM L. TUCKER**
Fla. Bar No. 92580
Email: william.tucker@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6208
Fax: (954) 333-4208
*Attorneys for Defendants Ensurety, Inc. and*
*EGV Companies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing Motion to Dismiss with the Clerk of the Court via CM/ECF on this 31st day of December, 2018. I also certify that the foregoing document is being served this day on all counsel of record and parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. mail and email for those counsel or Parties who are not authorized to receive Notices of Electronic Filing electronically.

By: _/s/ William L. Tucker_____
William L. Tucker

37602043.1