IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TODD C. BANK, Individually and on behalf of all others similarly situated, § § § § Plaintiffs, § § V. § SPARK ENERGY HOLDINGS, LLC, SPARK § ENERGY, L.P., and SPARK ENERGY § GAS, LP, § § Defendants. § | CIVIL ACTION NO. H-11-4082 |

## ORDER

Before the Magistrate Judge upon referral from the District Judge is Plaintiff's Motion to Compel (Document No. 30), in which Plaintiff seeks an Order overruling Defendants' objections to the definition of "Defendants" and "telephone calls" in his discovery requests, and ordering Defendants to answer Interrogatory Nos. 26-29, produce documents responsive to Request for Production No. 22, and answer, without any limitation, Request for Admission No. 5.

Having considered the motion, the response in opposition, the discovery requests, objections and responses at issue, and the claims and issues in this case, it is

ORDERED that Plaintiff's Motion to Compel (Document No. 30) is DENIED as follows:

1. The definitions of "Defendants" and "telephone calls" in Plaintiff's discovery requests are overbroad, as objected to by Defendants, because they purport to include unknown third parties over whom Defendants may not have any authority or control. Defendants' objections to Plaintiff's proffered definitions of "Defendants" and "telephone calls" are SUSTAINED.

2. In response to interrogatory nos. 26-29, Defendants objected on the basis that the number of interrogatories exceeded 25. As FED. R. CIV. P. 33(a)(1) allows only 25 interrogatories without leave of court, those objections are SUSTAINED. Plaintiff may, however, separately seek leave of court to serve

additional interrogatories, as provided for by FED. R. CIV. P. 33(a)(1), 26(b)(2).

3. Request for Production No. 22 seeks "copies of any and all files of any lawsuits that have been filed against Defendants claiming damages and/or seeking injunctive relief for alleged violations of 47 U.S.C. § 227(b)(1)(b), including actions by any governmental entity(ies)." Defendant responded that it is "aware of no documents responsive to this request." That response is sufficient, particularly given the objections, which have been sustained herein, to the term "Defendants."

4. Request for Admission No. 5 asked Defendants to admit that "Defendants had not obtained permission from Plaintiff to transmit telephone calls to Plaintiff's number. Subject to numerous objections, including objections to the terms "Defendants" and "telephone calls," Defendant Spark Energy Holding, LLC responded: "Spark Energy . . . did not place any 'telephone calls' as that phrase is defined by Plaintiff, to Plaintiff's telephone number, and thus Spark Energy admits that no 'relationship' existed between Spark Energy and Plaintiff prior to this litigation. To the extent this request requires Spark Energy to respond on behalf of any person or entity other than Spark Energy, its employees or authorized agents, Spark Energy lacks sufficient information to admit or deny the request." This response is sufficient under FED. R. CIV. P. 36(a)(4)(5).

Signed at Houston, Texas, this 16th day of January, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

2