UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARON HIRSCH, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                                    CASE NO. 3:17-cv-1215-J-39JBT

LYNDON SOUTHERN INSURANCE
COMPANY, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the following:

1. Defendant Ensurety Ventures, LLC d/b/a Omega Auto Care's Motion to Dismiss Plaintiff's Revised Second Amended Class Action Complaint (Doc. 73) and Plaintiff's Response thereto (Doc. 77);

2. Insurer Defendants' Motion to Dismiss Revised Second Amended Complaint (Doc. 78) and Plaintiff's Response thereto (Doc. 81); and

3. Defendants Ensurety Inc.'s and EGV Companies, Inc.'s Motion to Dismiss Plaintiff's Revised Second

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

> Amended Class Action Complaint (Doc. 79) and
> Plaintiff's Response thereto (Doc. 80).

The Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 92.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motions be **GRANTED** to the extent stated herein, the Revised Second Amended Class Action Complaint ("SAC") (Doc. 63) be **DISMISSED without prejudice**, and Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file **one likely final** amended complaint in accordance herewith.

**I.      Summary of Recommendation**

The undersigned recommends that the SAC does not comply with Federal Rule of Civil Procedure 8, and that Plaintiff has failed to cure the pleading defects that led to the dismissal of Plaintiff's prior complaint without prejudice. Therefore, the undersigned recommends that dismissal is again appropriate.

Plaintiff has requested leave to replead if the SAC is dismissed. (*See, e.g.*, Doc. 77 at 20.) Plaintiff has also provided some explanation of how he intends to allege additional facts if necessary. (*See id.* at 12 n.5.) Although Defendants request dismissal with prejudice, and the Court could arguably dismiss the SAC with prejudice for failing to cure the subject defects, the undersigned recommends that Plaintiff has not engaged in a "repeated failure to cure deficiencies by amendments previously allowed" warranting dismissal with prejudice at this time. *See Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). However, the undersigned recommends that Plaintiff be provided only **one likely final opportunity** to replead in accordance herewith, including identifying who made the calls at issue in this case and the relationship, if any, between each specific caller and each specific Defendant.

## II.   Background

This putative class action stems from three phone calls allegedly made by or on behalf of Defendants to Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* and the Maryland TCPA, Md. Code, Com. Law, § 14-3201.[2] (Doc. 63.) The Court dismissed Plaintiff's prior complaint, which named only two defendants, in its entirety without prejudice in part because Plaintiff improperly lumped both defendants together, making it "unclear what theory of liability Plaintiff is pursuing and/or which defendant is responsible for which actions." (Doc. 40 at 6; Doc. 47.)

Plaintiff then filed the SAC, which drops one defendant, adds six new defendants, and brings the following nine causes of action against all seven Defendants: Violations of 47 U.S.C. § 227(b)(1)(A) (Counts I and II); Violations of 47 U.S.C. § 227(b)(1)(B) (Counts III and IV); Violations of 47 U.S.C. § 227(c) (Counts V and VI); and Violations of Md. Code, Com. Law, § 14-3201 (Counts VII, VIII, and

---

[2] One of the three phone calls was a call back after Plaintiff and the caller were disconnected. (Doc. 63 at 13–14.)

IX).³  (Doc. 63.)  Plaintiff also seeks to certify six classes.  (*Id.* at 16–17.)  All Defendants have moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), arguing, among other things, that Plaintiff failed to correct the pleading defects previously identified by the Court.  (Docs. 73, 78, 79.)

### III.   Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the SAC sets forth sufficient factual allegations to state a claim upon which relief can be granted.  In evaluating whether Plaintiff has stated a claim, the Court must determine whether the SAC satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Iqbal*, 556 U.S. at 678.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Though detailed factual allegations are not required to satisfy this

---

³ Counts II, IV, and VI merely allege that Plaintiff is entitled to treble damages because the violations alleged in Counts I, III, and V were knowing and/or willful. (Doc. 63 at 20–23.)

standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court is "not required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

**IV.     Analysis**

The undersigned recommends that dismissal of the SAC in its entirety without prejudice is appropriate because the SAC remains a shotgun pleading that impermissibly lumps multiple Defendants and non-parties together, making it unclear what theory of liability Plaintiff is pursuing and/or which Defendants or non-parties are responsible for which actions.  The undersigned further recommends that the SAC does not constitute a short and plain statement as required by Rule 8, and that Plaintiff fails to plausibly allege a claim for vicarious liability against any Defendant.  Therefore, the undersigned recommends that the Court need not address the additional arguments raised by the parties.

**A.     Summary of Relevant Allegations**

According to the SAC, Defendants Lyndon Southern Insurance Company, Insurance Company of the South, LotSolutions, Inc., and Auto Knight Motor Club, Inc. (collectively "Insurer Defendants") insure and/or market vehicle service contracts ("VSCs").[4]  (Doc. 63 at 2–3.)  Defendants Ensurety, Inc., EGV Companies, Inc., and Ensurety Ventures, LLC d/b/a Omega Autocare (collectively "Administrator Defendants") provide administrative services, including marketing services, for VSCs.  (*Id.* at 3, 7–9.)

The Insurer Defendants engaged the Administrator Defendants to provide

---

[4] The undersigned groups certain Defendants and non-parties together herein for ease of reference only.  Plaintiff does not use these groupings in the SAC.

administrative and marketing services for the subject VSCs.  (*Id.* at 7–13.)  The Administrator Defendants then engaged numerous non-party "call centers or sellers" (collectively "Tier 1 Call Centers") to market the VSCs using telemarketing phone calls.  (*Id.* at 7–9.)  Some of the Tier 1 Call Centers then engaged other non-party call centers (collectively "Tier 2 Call Centers") to make telemarketing "robocalls" in an effort to market the subject VSCs, in violation of the subject statutes.  (*Id.* at 8.)  Specifically, Plaintiff alleges that "[s]ome of the lead generators and call centers Omega Autocare [i.e., the Administrator Defendants] (or one of its call centers or sellers) has engaged to telemarket VSCs include [various non-parties].  In seeking to avoid regulatory and statutory liability, some of those call centers engage other call centers to make robocalls and telemarketing calls."  (*Id.*)

In general, Plaintiff alleges that the Administrator Defendants exercised control over the Tier 1 Call Centers, and that the Insurer Defendants exercised control over both the Administrator Defendants and the Tier 1 Call Centers.  (*Id.* at 7–13.)  However, the SAC contains no sufficient allegations regarding any relationship between any Defendant and the Tier 2 Call Centers, who were hired by Tier 1 Call Centers rather than by any Defendant.[5]  (*See id.*)  Based on these allegations,

---

[5] The fact that Plaintiff generally lumps together all call centers and sellers in the SAC does not alter this conclusion.  (*See* Doc. 63 at 7–13.)  The allegations regarding Defendants' relationship to the call centers and sellers are based on Defendants' hiring of, and/or contractual relationships with, the Tier 1 Call Centers.  (*See id.*)  There are no sufficient allegations suggesting that Defendants hired or had any relationship, contractual or otherwise, with the Tier 2 Call Centers.  (*See id.*)

Plaintiff concludes that all Defendants are vicariously liable for the illegal robocalling and telemarketing practices of the "call centers."[6] (*Id.* at 8–9, 12–13.)

However, Plaintiff does not sufficiently allege that any Defendant(s) or non-party call center(s) actually made the calls at issue in this case. (*See id.* at 7–13.) Rather, as in the prior complaint, Plaintiff alleges in only conclusory terms throughout the SAC that the subject telemarketing calls to Plaintiff and the proposed class members were made either by "Defendants," "by or on behalf of Defendants," or by "Defendants, either directly or through their agents." (*See id.* at 13–24.) Thus, it remains unclear who made the subject calls and what theory of liability Plaintiff intends to pursue against each Defendant.

### B. The SAC Does Not Comply With Rule 8

The Court dismissed Plaintiff's prior complaint in its entirety without prejudice in part because Plaintiff failed to comply with Rule 8. (*See* Docs. 40 & 47.) Specifically, in the Report and Recommendation adopted by the Court ("Prior Ruling"), the Court noted: "Plaintiff alleges that all of the subject telemarketing calls . . . were made either by 'Defendants,' 'by or on behalf of Defendants,' or by 'Defendants, either directly or through their agents.'" (Doc. 40 at 5.) The Court

---

[6] In general, "the TCPA allows parties to establish vicarious liability through common law principles of agency." *See Lawrence v. Am. Med. Collection Agency*, Case No. 3:14-cv-892-J-39JBT, 2015 WL 12762024, at *4 (M.D. Fla. Nov. 16, 2015). However, because the undersigned recommends that Plaintiff has not complied with Rule 8, the undersigned further recommends that the Court need not address the substance of Plaintiff's arguments regarding vicarious or joint venture liability.

noted that because Plaintiff failed to differentiate between the two defendants named in the prior complaint, "it is unclear from the Amended Complaint who made the subject calls, or what the specific relationship between Defendants is, [and] it is also unclear under what theory of liability Plaintiff intends to proceed against [Defendant]." (*Id.* at 6.)  The Court found persuasive the opinions of "[d]istrict courts in the Eleventh Circuit [that] have required repleader in TCPA cases where, because multiple defendants are lumped together, it is unclear what theory of liability Plaintiff is pursuing and/or which defendant is responsible for which actions." (*Id.* at 6–7.) Thus, the Court required repleader. (*Id.* at 11; Doc. 47 at 3.)

Plaintiff has not even attempted to correct this problem in the SAC.  Rather, Plaintiff continues to use the exact language that the Court previously found to be insufficient under Rule 8, i.e., that all of the subject calls were made either by "Defendants," "by or on behalf of Defendants," or by "Defendants, either directly or through their agents." (*See* Doc. 63 at 13–24.)  Moreover, because the SAC lumps together seven, rather than only two, Defendants, and includes allegations regarding the non-party Tier 1 and Tier 2 Call Centers, it is now even less clear who made the calls or under what theory of liability Plaintiff intends to proceed against each Defendant.  In short, this method of pleading violates Rule 8 and constitutes a shotgun pleading*. See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (describing one type of shotgun pleading as "asserting multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against").

Plaintiff argues that he has complied with the Court's Prior Ruling because he has provided detailed allegations regarding the relationship between Defendants and relevant non-parties. (*See* Docs. 77, 80, 81.) Thus, Plaintiff argues that Defendants are on notice of what conduct by each Defendant is at issue. (*See id.*) However, while those additional allegations, which are summarized above, outline the business structure and relationship between Defendants and certain non-parties, they do not address who actually made the phone calls at issue in this case. (*See* Doc. 63 at 7–13.) Rather, the only allegations regarding who made the subject calls continue to impermissibly lump all Defendants together, making it unclear who made the calls or what theory of liability Plaintiff intends to pursue against each Defendant. (*See id.* at 13–24.)

The primary cases Plaintiff cites in support of his position, which are not binding on this Court, are distinguishable. The plaintiff in *Keim v. ADF Midatlantic, LLC* specifically alleged a claim for vicarious and joint venture liability based on text messages sent by two specific, identified non-parties. *See Keim*, Case No. 12-80577-CIV-MARRA, 2015 WL 11713593 (S.D. Fla. Nov. 10, 2015) (denying motion to dismiss). Here, it is unclear who made the calls at issue or what theory of liability Plaintiff is pursuing against each Defendant. Additionally, in *Lee v. Branch Banking & Trust Co.*, the plaintiff was pursuing a vicarious liability claim against the defendant

10

for actions of its agents who participated in the subject calls, and he alleged that their identities could be learned only through discovery but that he would amend his complaint upon learning their identities. *See Lee*, Case No. 18-cv-21876-Civ-Scola, 2018 WL 5633995 (S.D. Fla. Oct. 31, 2018) (denying motion to dismiss in part). Here, Plaintiff had approximately nine months to take discovery before filing the SAC, and he has still failed to identify who made the calls or what theory of liability he is pursuing. Regardless, the undersigned's recommendation to grant leave to amend after Plaintiff has now had an additional seven months to take discovery since the filing of the SAC is generally consistent with *Lee*.[7]

The undersigned recommends that the cases cited in the Prior Ruling are more on point and remain persuasive. *See Cellco P'ship v. Plaza Resorts Inc.*, Case No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sep. 27, 2013) ("[T]he Complaint impermissibly lumps Defendants together. Each Defendant is alleged to be distinct legal entities, but the Complaint does not adequately explain under what theory of liability Plaintiff is proceeding under. Although the Complaint states that the entities are 'affiliated' and 'act in concert' with each other, these statements are simply too conclusory."); *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374–75 (S.D. Fla. 2011) ("[N]owhere in the Complaint does Plaintiff identify which

---

[7] The Court previously denied Plaintiff's motion to compel class discovery without prejudice. (Docs. 89 & 93.) However, that ruling had no bearing on discovery regarding Plaintiff's individual claims. Moreover, certain Defendants have represented to the Court that they have identified the entities responsible for calling Plaintiff and have produced all relevant information in their possession regarding those entities. (*See* Doc. 90 at 6–7.)

Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities. . . . Defendants do not have fair notice of the precise nature of the violation that is claimed against them."). *See also Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, Case No. 2:17-cv-24-FtM-38CM, 2017 WL 3149360, at *2–3 (M.D. Fla. July 25, 2017) (dismissing TCPA claim without prejudice for improperly lumping defendants together); *Schwanke v. JB Med. Mgmt. Sols., Inc.*, Case No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (same).

Moreover, the undersigned recommends that the SAC does not constitute a short and plain statement as required by Rule 8. The 25-page SAC, which does not reach the first of Plaintiff's nine counts until page 19, does not even begin to address the calls at issue in this case until page 13. (Doc. 63.) Plaintiff then spends only two pages addressing the three phone calls he received. (*Id.* at 13–14.) The SAC also includes two separate sections titled "Legal Basis for [the] Claims," one of which contains only unnecessary, boilerplate information and improper citations to legal authority regarding the TCPA.[8] (*Id.* at 4–7, 15.) Additionally, each of the nine counts contains only sparse, largely conclusory allegations that are supported by Plaintiff's wholesale incorporation of the 80 introductory paragraphs into each count. (*Id.* at

---

[8] Notably, Plaintiff's citation to *In re: Rules and Regulations Implementing the TCPA, Declaratory Ruling on Motion by ACA Int'l for Reconsideration*, 23 F.C.C. Rcd. 559 (2008) regarding liability for creditors is irrelevant and misleading because Defendants in this case are not creditors. (Doc. 63 at 6.)

19–24.) This leaves "the Court with the 'onerous' task of sifting through the unwieldy introduction in search of the allegations which support each cause of action against each Defendant." *See Lawrie v. The Ginn Cos., LLC*, Case No. 3:09-cv-446-J-32JBT, 2010 WL 3746725, at *3 n.12 (M.D. Fla. Sept. 21, 2010) (dismissing the complaint and requiring it to be "repleaded in a more concise, coherent, and orderly fashion"). It also results in the incorporation of irrelevant information into certain counts. In short, extensive revision of the SAC is required.

Additionally, Plaintiff's failure to distinguish between the Tier 1 and Tier 2 Call Centers prevents him from stating a plausible claim for vicarious liability against any Defendant. As noted above, there are no sufficient allegations regarding any relationship between Defendants and the Tier 2 Call Centers. Thus, even assuming without deciding that Plaintiff has sufficiently alleged an agency relationship between Defendants and the Tier 1 Call Centers, no such relationship has been alleged as to the Tier 2 Call Centers. Because Plaintiff has not alleged whether his vicarious liability claim is based on calls made by Tier 1 or Tier 2 Call Centers, he has failed to nudge his vicarious liability claim "across the line from conceivable to plausible" as required. *See Twombly*, 550 U.S. at 570.

In short, in an apparent attempt to maintain the broadest classes possible, Plaintiff continues to focus primarily on the content of the calls (the selling and marketing of the subject VSCs) rather than on who actually made the calls. Based on Plaintiff's class definitions, it appears that Plaintiff is essentially attempting to

impose liability on Defendants for countless calls made throughout the United States marketing the subject VSCs without alleging who made the calls. (Doc. 63 at 16–17.) The Federal Communications Commission ("FCC") has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller. *See In re: In Joint Petition Filed by Dish Network, LLC, et al., for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6593 (2013) ("[W]e do not think that an action taken for the benefit of a seller by a third-party retailer, without more, is sufficient to trigger the liability of a seller under section either section 227(c) or section 227(b) . . . . [N]onetheless [a seller] may be vicariously liable under federal common law agency-related principles for violations of either section 227(b) or 227(c) committed by telemarketers that initiate calls to market its products or services."); *Lawrence*, 2015 12762024, at *3 ("[T]he Court must give deference to the FCC's interpretation of the TCPA."). Therefore, the undersigned recommends that Plaintiff be provided **one likely final opportunity** to replead in accordance herewith, including identifying who made the calls at issue in this case and the relationship, if any, between each specific caller and each specific Defendant.

    **V.**    **Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Motions (**Docs. 73, 78, 79**) be **GRANTED** to the extent stated

herein.

2. The SAC (**Doc. 63**) be **DISMISSED without prejudice**.

3. Plaintiff be given twenty days from the Court's order on this Report and Recommendation to file **one likely final** amended complaint in accordance herewith, and Defendants be given fourteen days from such filing to respond to it.

**DONE AND ENTERED** at Jacksonville, Florida, on June 7, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record