[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13527
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-01215-BJD-JBT

AARON HIRSCH,
individually and on behalf of all others similarly situated,

                                      Plaintiff-Appellant,

versus

ENSURETY VENTURES, LLC,
d.b.a. Omega Autocare,
LYNDON SOUTHERN INSURANCE COMPANY, et al.,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 18, 2020)

Before MARTIN, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff Aaron Hirsch ("Hirsch") appeals the dismissal with prejudice of his Revised Second Amended Complaint ("RSAC"). The District Court dismissed the RSAC as an impermissible shotgun pleading that fails to comply with the requirements of Federal Rule of Civil Procedure 8(a). We affirm the District Court's order.

I.

Before we can discuss the pleading at issue, we first must recount the history of this litigation. On October 30, 2017, Hirsch filed his first Complaint against Ensurety Ventures, LLC ("Ensurety") and Fortegra Financing Corporation ("Fortegra"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. The gist of his allegations was, and is, that Ensurety, under the trade name Omega Autocare ("Omega"), and Fortegra, which provides underwriting services to Omega, have been responsible for unlawful telemarketing calls that Hirsch has received which advertise Omega Autocare automobile warranty policies. Specifically, Hirsch alleged that the defendants made "unsolicited and unauthorized calls using an [automated telephone dialing system] or pre-recorded/artificial voice" to residential and cellular telephones "for the purpose of marketing [their] products and/or services." The Complaint contained six counts: Counts I and II allege violations by the defendants of 47 U.S.C. § 227(b)(1)(A), Counts III and IV allege violations by the defendants of §

227(b)(1)(B), and Counts V and VI allege violations by the defendants of § 227(c).[1]  Hirsch requested that his Complaint be certified as a class action, and sought an injunction requiring the defendants to cease all telemarketing calls, as well as an award of statutory damages under the TCPA for members of the class.

The District Court struck the Complaint *sua sponte*, finding that it constituted an impermissible shotgun pleading because all six counts of the Complaint incorporated the allegations of each of the previous counts by reference. Hirsch then filed an Amended Complaint containing the same six counts and theories of liability, asserted against the same two defendants.  Both defendants independently moved to dismiss the Amended Complaint, and the motion was referred to a Magistrate Judge to prepare a Report and Recommendation ("R&R"). In evaluating Omega's motion to dismiss, the Magistrate Judge concluded that the Amended Complaint failed to state a claim under Counts I and II because Hirsch did not allege that his voice-over-Internet protocol ("VoIP") telephone service was "a service for which the called party is charged for the call," as required by § 227(b)(1)(A).  Additionally, the Magistrate Judge recommended that Fortegra's motion to dismiss be granted because, while the Amended Complaint indicated that the telemarketing calls were advertising Omega automobile warranty policies,

---

[1] Counts II, IV, and VI allege that the violations alleged in Counts I, III, and V were knowing and/or willful, as a basis for treble damages under the TCPA.

it did not sufficiently allege a relationship between Fortegra and Omega and did not indicate "which defendant is responsible for which actions."[2]  The Magistrate Judge indicated that he was "persua[ded]" by the reasoning of TCPA cases that "required repleader . . . where, because multiple defendants are lumped together, it is unclear what theory of liability Plaintiff is pursuing."  Thus, the R&R recommended that the Amended Complaint be dismissed in its entirety without prejudice, and the recommendation was adopted by the District Court.

Hirsch then filed a Second Amended Complaint and a Corrected Second Amended Complaint, which were both stricken by the District Court without prejudice because they sought to add new defendants without receiving leave of Court.[3]  Hirsch then filed a Revised Second Amended Complaint ("RSAC") naming seven defendants: Lyndon Southern Insurance Company, Insurance Company of the South, LOTSolutions, Inc., Auto Knight Motor Club, Inc., EGV Companies, Inc., Ensurety, Inc., and Ensurety Ventures, LLC, d/b/a Omega Autocare.[4]  The RSAC contains various general factual allegations regarding the interrelationship between each of the defendant parties, alleging that certain of the

---

[2] Hirsch did not allege that either Fortegra or Omega had made any of the subject calls, as each allegation simply "lumped" the multiple defendants together by indicating that the conduct was undertaken by "Defendants, either directly or through their agents," or "by or on behalf of Defendants."

[3] Hirsch was instructed to file a new motion to amend, and a new proposed amended complaint, after fully conferring with defendants as required by the local rules.

[4] The RSAC, unlike Hirsch's previous complaints, did not name Fortegra as a defendant, but three of the named defendants in the RSAC are allegedly "subsidiar[ies] of Fortegra."

defendants "directly or indirectly market[]" automotive policies on behalf of Omega, and that some insure Omega's vehicle warranty contracts or assist in the process of doing so.  Three of the defendants, Hirsch alleges, are "alter-egos of one another" and collectively form the Omega Autocare business.  According to Hirsch, while the defendants themselves do not make the unlawful telemarketing robocalls, they find and hire non-party call centers, and instruct those entities to make the calls to consumers.  Hirsch alleges that all of the defendants play a role in enlisting the services of call centers to send unlawful calls, and that all defendants "are vicariously liable for the illegal telemarketing practices."

The RSAC contains nine counts, with the first six counts being identical to those alleged in the Amended Complaint, and the final three counts alleging violations of identical provisions of Maryland law.[5]  Md. Code Ann., Com. Law § 14-3201(2).  Like the Amended Complaint, the RSAC alleges under each count that all "Defendants, either directly or through their agents," made the unauthorized calls that violated three different provisions of the TCPA, and that the defendants' violations were "knowing and/or willful."  All defendants moved to dismiss the RSAC, making similar arguments that it "fails to improve on the pleading deficiencies" leading to dismissal of the first Amended Complaint by

---

[5] Hirsch alleges violations of Maryland law because he is a resident of Maryland.

5

"continu[ing] to improperly lump various Defendants together," particularly because the RSAC now names seven defendants instead of two.

The Magistrate Judge entered a Report and Recommendation ("R&R") on the defendants' motions to dismiss the RSAC.  Similar to the first R&R, the Magistrate Judge concluded that Hirsch had not cured the defects in his pleading, and that dismissal continues to be appropriate.  The R&R found that the RSAC is still "a shotgun pleading" that makes it "unclear what theory of liability Plaintiff is pursuing and/or which Defendants or non-parties are responsible for which actions."  Similarly, the Magistrate Judge found that the RSAC does not qualify as a "short and plain statement" as required by Fed. R. Civ. P. 8, because it: (1) spans 25 pages, only 3 of which address the phone calls that are the subject of the action; (2) includes two separate sections entitled "Legal Basis for [the] Claims" that includes only unnecessary, boilerplate legal information and "improper citations to legal authority regarding the TCPA;" and (3) "contains only sparse, largely conclusory allegations" supported only by Hirsch's "wholesale incorporation of the 80 introductory paragraphs into each count."  In sum, the R&R recommended that the RSAC be dismissed but also recommended that Hirsch be "provided with one final opportunity to replead," though it recognized that "the Court could arguably dismiss the [RSAC] with prejudice for failing to cure the subject defects."  The District Court overruled Hirsch's objections to the R&R and adopted it, agreeing

that it was an impermissible shotgun pleading, but chose not to give Hirsch another opportunity to replead, instead dismissing the RSAC with prejudice. Hirsch appealed from the District Court's order.

## II.

### A.

Hirsch contends that his RSAC was not a shotgun pleading and that dismissal was improper. In this Circuit, we describe a shotgun pleading as a complaint that has several counts where each count incorporates the allegations of all the previous counts. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). In a shotgun pleading, we are essentially left with one count that "amounts to an amalgamation of all counts of the complaint." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 (11th Cir. 2010). This Court has gone to great lengths to explain the problems that shotgun pleadings cause:

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are standing in line, waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

*Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). We have instructed that a district court "*must* intervene . . . and order a replead[ing]" of a shotgun

complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (emphasis added).  And lest it need still be said, shotgun pleadings do not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court's instructions laid out in *Bell Atlantic Corp. v. Twombly*[6] and *Ashcroft v. Iqbal*.[7]  A shotgun pleading is not "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *see also id.* (noting that a complaint is insufficient when its claims are "supported by mere conclusory statements").

Hirsch's RSAC is a shotgun pleading.  Each of the nine counts "re-alleges and incorporates" the allegations of the entire rest of the complaint and all previous counts.  Like in Hirsch's Complaint and Amended Complaint, each count alleges that the TCPA was violated by "Defendants, either directly or through their agents," without explaining which defendant was responsible for the calls.  Similarly, without any clarification provided, Hirsch alleges that "the foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA," but in no count or claim does he state which act or omission was

---

[6] 550 U.S. 544, 127 S. Ct. 1955 (2007).
[7] 556 U.S. 662, 129 S. Ct. 1937 (2009).

8

committed by which defendant. Hirsch's complaint tasks the reader with parsing the slew of general factual allegations about the business structure of the defendants, and their relationships with non-party call centers, in order to decipher which defendant's conduct applies to each count of the RSAC. This is not an appropriate task for the district courts. *See Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (stating that we do not place district judges "in the position of serving as the [plaintiff's] lawyer in rewriting the complaint").

Hirsch's RSAC is a shotgun pleading under our precedent and is not a "short and plain statement of the claim showing that [Hirsch] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, the District Court did not err in granting the defendants' motion to dismiss.[8]

B.

---

[8] Hirsch contends that dismissal of Counts III and IV as to the Omega defendants is improper because the "law of the case" doctrine precludes it. Specifically, Hirsch argues that the Magistrate Judge's first R&R concluded Hirsch had sufficiently pled, as required by these two counts, that the telemarketing calls had been made using a prerecorded voice, and he further argues that because District Court adopted the first R&R in its entirety, these two counts were actually "sustained" and "not dismissed." The Magistrate Judge's R&R, however, explicitly states that it is recommending that "the Amended Complaint be dismissed in its entirety without prejudice" because it is "unclear . . . which defendant is responsible for which actions." The fact that the Magistrate Judge rejected Omega's argument, in its motion to dismiss, that Hirsch had not pled a prima facie violation of the TCPA in Counts III and IV does not change the fact that the R&R found an independent basis, stemming from the other defendant's motion to dismiss, to recommend dismissal of the entire Amended Complaint. Thus, Hirsch's argument on appeal about the "law of the case" doctrine is unpersuasive because it relies on the presumption that the entire Amended Complaint was not dismissed, which is not true.

We now turn to Hirsch's argument that it was inappropriate for the District Court to dismiss the RSAC with prejudice. We review a dismissal with prejudice on Rule 8 shotgun pleading grounds for an abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). A dismissal with prejudice is appropriate where "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1338 (11th Cir. 2005) (internal quotations omitted).

As a basis for its dismissal with prejudice, the District Court relied on our opinion in *Jackson v. Bank of Am.*, 898 F.3d 1348 (11th Cir. 2018). In that case, we affirmed the District Court's dismissal of an amended complaint with prejudice because it was an impermissible shotgun pleading that was incomprehensible as pled, which in this Circuit we do not allow. *Id.* at 1360. We noted that toleration of these types of pleadings, for all the reasons noted *supra*, constitutes "toleration of obstruction of justice." *Id.* at 1357. We explained that a district court must give a party "one chance to remedy such deficiencies," with a "fair notice of the defects and a meaningful chance to fix them" – but assuming that this chance is given, continued impermissible pleadings warrant dismissal with prejudice. *Id.* at 1358 (internal quotations omitted). Here, where Hirsch has had two years to put together a viable complaint, including ample opportunity for discovery, he still is

10

not able to produce anything better than a pleading that requires the District Court to guess who is responsible for his claims.  In this Circuit, we do not task district courts with such guesswork.

Hirsch first argues that dismissal of the RSAC with prejudice was inappropriate because it was not a shotgun pleading, which, as discussed *supra*, is not a persuasive argument.  Next, Hirsch contends that dismissal with prejudice was inappropriate because the RSAC added additional defendants that were not present in the first Amended Complaint, and that, as a result, he had not received "prior warning" about the deficiency of his allegations as pertains to the newly-added defendants.  However, Hirsch cannot get around a dismissal with prejudice by merely adding new defendants without altering his impermissible style of pleading.  The fact remains that Hirsch's RSAC is still an impermissible shotgun pleading, whether against two defendants or seven, and Hirsch had already been put on notice by the District Court that his pleadings were insufficient.  And as the District Court lamented, Hirsch "compounded the difficulty associated with reviewing the [RSAC] where the number of defendants grew from 2 to 7."  The District Court did not abuse its discretion in dismissing the RSAC with prejudice

because the Court provided Hirsch with multiple warnings that his pleadings were inadequate, inappropriate shotgun pleadings, and those warnings went unheeded.[9]

**AFFIRMED.**

---

[9] As an alternative basis for denying Hirsch the opportunity to file another amended complaint, the District Court noted that Hirsch had not properly requested leave to amend. Hirsch does not challenge this conclusion on appeal, so he has waived any argument that it was error for the District Court to deny him leave to amend. *See Access Now v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 18, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-13527-AA
Case Style: Aaron Hirsch v. Ensurety Ventures, LLC, et al
District Court Docket No: 3:17-cv-01215-BJD-JBT

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs